The Honorable Steve Kirk Prosecuting Attorney Fifteenth Judicial District P.O. Box 233 Booneville, Arkansas 72927
Dear Mr. Kirk:
This is in response to Deputy Prosecuting Attorney Brian K. Mueller's request for an opinion concerning an "Act 9" bond project in Booneville. Specifically, he notes that in 1969 the City of Booneville induced a manufacturing concern (sometimes referred to herein as "the corporation") to locate in Booneville by utilizing the provisions of Act 9 of 1960 (First Ex. Sess.), codified at A.C.A. §§ 14-164-201—224 (1987). Act 9 bonds were sold and the property, which was titled in the name of the city, was exempted from ad valorem taxes pursuant to Wayland v.Snapp, 232 Ark. 57, 334 S.W.2d 633 (1960). The bonds have now been paid off and a question has arisen as to whether the property should be conveyed to the manufacturing concern and whether ad valorem taxes should be levied on the property.
It is my opinion that there is no legal requirement that the property be conveyed to the manufacturing concern solely by reason of the fact that the bonds have been repaid. In fact, this would be contrary to the terms of the lease agreement between the parties. If the corporation agrees to accept title to the property, however, ad valorem taxes must be levied, as the property would no longer be public property.
Although it is not clearly stated in your request, I assume that the corporation has exercised its right to extend the lease term beyond its original expiration date of December 31, 1986. See
Lease Agreement, Article II and Article XIX. Section 302 of Article III states that the "Lessor covenants that it will not part with title to the leased premises or any part thereof during the term or take any other affirmative action which may reasonably be construed as tending to cause or induce the levy or assessment of ad valorem taxes on the leased premises." The word "term" is to be construed as including any extensions of the lease. See Article XIX, Section 1901. Thus, any transfer of title to the property without the consent of the lessee, as provided for in Article XIX, would be violative of the lease agreement.
I can find no provision of law which would require, solely by reason of repayment of the bonds, that the title to the property be transferred to the corporation and taxes assessed thereon. Although the holding of Wayland v. Snapp may have been impacted by the Arkansas Supreme Court decisions in Purvis v. City ofLittle Rock, 282 Ark. 102, 667 S.W.2d 936 (1984), and City ofHot Springs v. Creviston, 288 Ark. 286, 705 S.W.2d 415 (1986), it is my opinion that assuming the construction and operation of the manufacturing concern was a proper public purpose prior to repayment of the bonds, it remains so after repayment of the bonds. The use to which the property is put has not changed. If, therefore, the property is still publicly owned (i.e., title is held by the city), and if it is used for an exclusive public purpose, it remains exempt from ad valorem taxes. See Arkansas Constitution, art. 16, § 5. If title is transferred to the corporation, however, taxes will be assessable, as the property will no longer be publicly owned.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh